**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4594

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GENAIA TYRHEEN MOORE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:06-cr-00022-2)

Submitted: January 28, 2008      Decided: February 15, 2008

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Roderick G. Davis, THE LAW OFFICE OF RODERICK G. DAVIS, PLLC, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Genaia Tyrheen Moore pled guilty without a plea agreement to: conspiracy to commit bank robbery (Count One), bank robbery (Count Two), possession of a firearm during a crime of violence (Count Three), stealing a firearm that moved in interstate commerce (Count Four), and possession of a stolen firearm (Count Five). Moore's advisory guideline range with respect to Counts One, Two, Four, and Five, was 46-57 months, reflecting an offense level of 23 and a criminal history category of I. Moore also was subject to a consecutive five-year sentence on Count Three. The district court concluded that the factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) warranted a sentence below the advisory guideline range. The court imposed concurrent sentences of thirty-six months on Counts One, Two, Four, and Five, to be followed by sixty months on Count Three, for an aggregate sentence of ninety-six months.

Moore now appeals. Her attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that the sentence is unreasonable but stating that there are no meritorious issues for review. Moore has filed a pro se supplemental brief asserting that counsel was ineffective. Finding no reversible error, we affirm.

We review a sentence imposed after United States v. Booker, 543 U.S. 220 (2005), to determine whether it is "within the

statutorily prescribed range" and reasonable.  <u>United States v. Hughes</u>, 401 F.3d 540, 546-47 (4th Cir. 2005).  Here, Moore's sentence was statutorily authorized. Reasonableness review requires us to consider whether the chosen sentence constitutes an abuse of discretion. <u>United States v. Pauley</u>, No. 07-4270, 2007 WL 4555520, at *5 (4th Cir. Dec. 28, 2007).  In making this decision, we first examine the sentence "for significant procedural errors." <u>Id.</u>  There were no such errors in this case; we note that the sentencing court: correctly calculated the advisory guideline range; heard from the parties regarding an appropriate sentence; considered the factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007); and articulated compelling reasons[*] for imposing a variance sentence. <u>Id.</u>; <u>see</u> <u>Gall v. United States</u>, No. 06-7949, 2007 WL 4292116, at *7 (U.S. Dec. 10, 2007).  Our reasonableness review also requires us to consider the substance of the sentence taking into account "the totality of the circumstances."  <u>Pauley</u>, 2007 WL 4555520, at *5.  We conclude that the variance sentence, which falls roughly twenty percent below the lowest end of the advisory guideline range, was also substantively reasonable.

---

[*]The district court measured the nature and seriousness of the crimes against Moore's "horrific background and history of psychiatric care and suicide attempts, in combination with a crack addiction."  These factors, the court found, placed her in a different position than many defendants who appear before the court for sentencing.

Moore's claim of ineffective assistance of counsel is not cognizable on direct appeal because ineffectiveness does not conclusively appear on the face of the record.  Moore should raise the claim, if at all, in a motion filed pursuant to 28 U.S.C. § 2255 (2000).  See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. King, 195 F.3d 192, 198 (4th Cir. 1999).

We have examined the entire record in this case in accordance with the requirements of Anders, and we find no meritorious issues for appeal.  Accordingly, we affirm.  This court requires counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED